UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:18-CR-100 DRL-SLC |
| CHARLES BYERS, | |
| Defendant. | |

## OPINION AND ORDER

Mr. Charles Byers filed a motion to suppress evidence collected during his November 19, 2018 encounter with Fort Wayne law enforcement, Officers Rae Jackson and Ryan Nystuen. Mr. Byers argues that the evidence from this encounter was procured in violation of the Fourth Amendment. The court now adopts the well-supported recommendation of the Magistrate Judge. ECF 35.

## BACKGROUND

On November 28, 2018, Mr. Byers was charged in a three-count indictment with unlawfully possessing a firearm, possessing with the intent to distribute methamphetamine, and possessing a firearm in furtherance of a drug trafficking crime. 18 U.S.C. §§ 922(g)(1), 924(c); 21 U.S.C. § 841(a)(1). Mr. Byers pleaded not guilty to the charges.

Mr. Byers filed a motion to suppress evidence on March 12, 2019. The government opposed the motion, and the matter was referred to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). An evidentiary hearing on the motion was held on May 14, 2019. On October 3, the Magistrate Judge entered her recommendation denying the motion (ECF 35), to which Mr. Byers objected on October 11 (ECF 36). The objection is now ripe for decision.

1

STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A)-(B), a magistrate judge may not issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to a magistrate judge's report and recommendation, § 636(b)(1) provides that:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*De novo* review does not require a new evidentiary hearing, even when witness credibility is at issue. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980). Neither party has requested such a hearing, and the court finds the record appropriately developed for its *de novo* review.

DISCUSSION

In his objection, Mr. Byers maintains that his encounter with Officer Jackson was a seizure, not a consensual encounter. He argues that Officer Jackson did not have reasonable suspicion to make an investigatory stop or for officers to search his vehicle after his arrest. Specifically, Mr. Byers argues that the Magistrate Judge incorrectly applied *Arizona v. Gant*, 556 U.S. 332, 351 (2009); *United States v. Packer*, 15 F.3d 654 (7th Cir. 1994); and *United States v. Lechuga*, 925 F.2d 1035 (7th Cir. 1991). Today, Fourth Amendment precedents guide the court to deny the motion to suppress.

The court turns first to the issue of seizure. A law enforcement encounter may be a seizure if, "taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Packer*, 15 F.3d 654, 657 (7th Cir. 1994) (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991)). Factors relevant to this determination include:

> (1) whether the encounter occurred in a public place; (2) whether the suspect consented to speak with the officers; (3) whether the officers informed the individual

that he was not under arrest and was free to leave; (4) whether the individuals were moved to another area; (5) whether there was a threatening presence of several officers and a display of weapons or physical force; (6) whether the officers deprived the defendant of documents she needed to continue on her way; and (7) whether the officers' tone of voice was such that their requests would likely be obeyed.

*United States v. Shields*, 789 F.3d 733, 743 (7th Cir. 2015) (quoting *United States v. Johnson*, 680 F.3d 996, 975 n.4 (7th Cir. 2012)).

Certain use of police vehicles can turn an encounter into a seizure—for example, when an officer uses her vehicle to block the exit of a suspect's vehicle, *see Lechuga*, 925 F.2d at 1040-41, shines "take down" lights through a suspect's window, *see Packer*, 15 F.3d at 657, or uses more than one vehicle to block a suspect's vehicle, *see United States v. Jackson*, 918 F.2d 236, 238 (7th Cir. 1990). If a suspect is still capable of refusing to answer questions and driving away, then the suspect has not been seized, and the Fourth Amendment has not been triggered. *See United States v. Douglass*, 467 F.3d 621, 624 (7th Cir. 2006) (officers parking fifteen to twenty feet away from the front of suspect's car was not a seizure because suspects could, and ultimately did, drive away); *United States v. Hendricks*, 319 F.3d 993 1001 (7th Cir. 2003) (officers parking fifteen feet behind suspect's car was not a seizure).

The purpose behind these factors is to determine whether a reasonable person felt they were not at liberty to ignore the officer. While the presence of law enforcement can be understandably unnerving, it cannot be the sole reason a consensual encounter turns into an investigatory stop. *See Florida v. Royer*, 460 U.S. 491, 497 (1983) (officer identifying herself as an officer, without more, did not convert encounter into a seizure). A seizure does not commence when officers "merely approach an individual in a public place and ask a few questions." *United States v. Douglass*, 467 F.3d 621, 624 (7th Cir. 2006) (citing *United States v. Drayton*, 536 U.S. 194, 200 (2002)).

The facts surrounding the encounter between Mr. Byers and Officer Jackson indicate that it was nothing more than a consensual encounter. Mr. Byers was parked in a public place—the parking lot of the Travel Inn. ECF 30 at 15:19-24. Officer Jackson parked approximately four to six spaces

3

away from Mr. Byers' vehicle, then approached the vehicle alone, on foot. *Id.* at 22:10-25. *See, e.g., Hendricks*, 319 F.3d at 1001-02 (consensual encounter when officer parked his police cruiser fifteen feet behind a suspect, and had not signaled the suspect to pull over and suspect's path was not blocked). Officer Jackson did not turn on her emergency lights or use her spotlights. ECF 30 at 22:17-22. *Cf. United States v. Clements*, 522 F.3d 790, 794-95 (7th Cir. 2008) ("Other than illuminating their flashing lights for identification and safety purposes, the officers did nothing that could have made [the suspect] feel that his freedom was restrained: they did not draw their weapons, they did not surround [his] car with multiple squad cars or otherwise prevent him from driving away, they did not lay a hand on [him], and they did not use forceful language or tone of voice.").

What is more, Officer Jackson did not draw her firearm or TASER. ECF 30 at 23:1-2. When Officer Jackson approached, she used a calm tone and simply asked the occupants how they were. *Id.* at 22:12-13.[1] Mr. Byers opened the door and exited the vehicle without any instruction from Officer Jackson. *Id.* at 24:1-14. At this time, Mr. Byers had not been seized. Considering all the factors, a reasonable person would have felt he was at liberty to ignore Officer Jackson and leave the scene.

It was not until Officer Jackson saw the methamphetamine pipe in plain view that she told Mr. Byers to turn around and place his hands on his head. *Id.* at 24:16-24, 28:3-9.[2] At this point, Mr. Byers had undoubtedly been seized; and there is no question that Officer Jackson had probable cause to arrest Mr. Byers for possession of paraphernalia under Indiana law.

---

[1] Mr. Byers contested at the hearing and in his briefing that Officer Jackson greeted him and his passenger; rather, Officer Jackson "instantaneously" told Mr. Byers to "turn around and place his hands on top of his head" because she was arresting him. ECF 31 at 2. The Magistrate Judge considered this but ultimately credited Officer Jackson's testimony more. ECF 35 at 8. Mr. Byers has not objected to the Magistrate Judge's determinations of credibility or provided this court sound reason to revisit those credibility findings, so this court now adopts them as its own. The record supports those credibility findings, and Mr. Byers also admitted he was probably still under the influence of drugs at the time of the encounter. *Id.* at 7.

[2] Officer Ryan Nystuen arrived either right as or just after Officer Jackson instructed Mr. Byers to turn around and place his hands on his head. ECF 30 at 31:14-15, 71:8-10. Because Mr. Byers had already been seized at the time Officer Nystuen arrived, his presence is not an additional or determinant factor.

Mr. Byers argues that Officer Jackson lacked reasonable suspicion to perform an investigatory stop under *United States v. Packer*, 15 F.3d 654 (7th Cir. 1994). The court has already concluded that the initial encounter between Mr. Byers and Officer Jackson was not a seizure, so the court need not tease out whether Officer Jackson had reasonable suspicion to perform an investigatory stop.

Mr. Byers' last objection relates to the Magistrate Judge's application of *Arizona v. Gant*, 556 U.S. 332, 346 (2009). Mr. Byers says, to search a vehicle incident to arrest, *Gant* requires both "the arrest *and* probable cause that evidence of a crime will be found in the vehicle." ECF 36 at 3 (emphasis added). While Mr. Byers overstates *Gant* by interpreting the case to require probable cause, his point is rather moot because the officers here had probable cause.

In *Gant*, 556 U.S. at 351, the United States Supreme Court held that police may search a vehicle incident to arrest "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Mr. Byers was handcuffed and sitting in the squad car during the search (ECF 35 at 20), so officers must have had reason to believe the vehicle contained evidence of the arresting offense, *see Gant*, 556 U.S. at 351, or had probable cause to search the vehicle. *See United States v. Edwards*, 769 F.3d 509, 514 (7th Cir 2014) (articulating automobile exception). This circuit has intimated that the "reasonable to believe" standard may be less demanding than "probable cause." *Id.* Officers may search a vehicle incident to arrest when they have a "reasonable basis" that is "keyed to the offense of arrest." *United States v. Paige*, 870 F.3d 693, 702 (7th Cir. 2017) (officer had reasonable basis for searching for evidence of offenses of arrest—possession of marijuana and impaired driving—because the officer could smell marijuana emanating from the interior).

In this case, Officer Jackson had more than a reasonable basis to believe further evidence of possession of paraphernalia (the offense of arrest) could be found in the vehicle. Officer Jackson discovered the methamphetamine pipe in plain view within the vehicle, and Officer Nystuen further

5

retrieved a crack pipe from Mr. Byers' pocket during a pat down following arrest. ECF 30 at 74:1-8. The presence of these two pipes created a reasonable basis to search for other paraphernalia inside the vehicle. In fact, this evidence gave officers probable cause, thus activating the automobile exception and justifying a search in any area in which evidence might be found. *See United States v. Nicksion*, 628 F.3d 368, 377 (7th Cir. 2010) (quoting *Gant*, 556 U.S. at 347); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983) (probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place"); *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013) (probable cause exists when "based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched") (quoting *United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010)).

Mr. Byers has not shown error in the Magistrate Judge's findings that the initial encounter with Officer Jackson was consensual. According to this record, Mr. Byers was never seized until Officer Jackson, having probable cause based on her plain view of contraband, arrested him. Mr. Byers also has not shown error in the Magistrate Judge's finding that Officer Jackson and Officer Nystuen lawfully searched his vehicle either under the automobile exception or as a search incident to his arrest. Accordingly, the court ADOPTS the report and recommendation (ECF 35) and DENIES the motion to suppress (ECF 16). A separate order scheduling trial will follow.

SO ORDERED.

November 15, 2019     *s/ Damon R. Leichty*
                      Judge, United States District Court